IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Petitioner,                  No. 2:13-cv-0197 KJN P

  vs.

GARY SWARTHOUT,

    Respondent.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes. (Dkt. No. 5.) See 28 U.S.C. § 636(c); Local Rule 305(a).

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his May 21, 2010 conviction and sentence, pursuant to a plea of no contest, on charges of residential burglary (Cal. Pen. Code § 459), vehicle theft (Cal. Veh. Code §10851(a)), possession of a stolen vehicle (Cal. Pen. Code § 496d (a)), and misdemeanor resisting a peace officer (Cal. Pen. Code §148 (a)(1)), on the ground that the trial court, on

1

December 21, 2009, improperly denied petitioner's request to withdraw his no-contest plea.

Petitioner previously entered in state court a no-contest plea in these matters, which resulted in a 2008 conviction. On August 10, 2009, the conviction was overturned on appeal, on the ground that petitioner had been induced to enter his plea, at least in part, by the trial court's misrepresentation of petitioner's appeal rights. See People v. Langston, 2009 WL 2450525 (Cal. App. 2009) ("Langston I"). Thereafter, on remand, petitioner was convicted and sentenced in May 2010, described by the appellate court as follows:

> On remand, defendant, represented by counsel, moved to withdraw his plea and the trial court granted his motion. Thereafter, on the fourth day of trial after the jury was sworn, defendant entered a straight-up no contest plea to all counts and allegations; a sentence was not indicated or negotiated. Defense counsel wrote to the probation department after defendant entered his plea: "It is my position that [defendant] is still entitled to the sentence imposed by Judge Orr [14 years four months]. The rationale is that he should not be punished, by being sentenced to additional time, because of what was essentially a mistake by the Court." Instead, the trial court imposed a state prison sentence of an aggregate term of 17 years four months, three years longer than was imposed in Langston I. The court also imposed a $3,400 restitution fine and a $3,400 parole revocation restitution fine, $600 more for each than was imposed in Langston I. Defendant was awarded presentence credits of 976 actual days and 488 conduct days, a total of 1,464 days.

People v. Langston, 2011 WL 4839069 (Cal. App. 2011) ("Langston II"). The trial judgment was affirmed on appeal, and the California Supreme Court denied review.

Petitioner thereafter sought collateral relief by challenging his May 2010 conviction and sentence through state petitions for writs of habeas corpus based on five claims: double jeopardy, untimeliness of respondent's briefing, unlawful arrest, alleged discovery violation by appointed counsel, and ineffective assistance of counsel for failing to obtain all material evidence. After exhausting his state court remedies, petitioner filed, on June 19, 2012, a petition for writ of habeas corpus in the federal district court; that action remains pending for decision in this court. See Langston v. Swarthout, Case No. 2:12-cv-01633 JFM.

////

On February 1, 2013, petitioner filed the instant action, which asserts one claim challenging his May 2010 conviction and sentence, viz., that, on December 21, 2009, the trial court erred in denying petitioner's motion to withdraw his no-contest plea.

Two problems beset the instant petition. First, petitioner concedes that he hasn't exhausted his new claim in the state courts ("[h]avent exhaust[ed] Appellate level yet"). (Dkt. No. 1 at 5.) Exhaustion of state court remedies is a prerequisite to filing a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Second, this court is required to construe the instant petition as a motion to amend petitioner's first-filed petition. If a new petition is filed in the district court when a previous habeas petition is still pending for decision, then the new petition must be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). So construed, petitioner may, in his first-filed action, seek leave to "stay and abey" that action pending the state court exhaustion of his new claim. See Rhines v. Weber, 544 U.S. 269 (2005).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted.

2. Petitioner's instant petition for a writ of habeas corpus is construed as a motion to amend his habeas petition currently pending in Langston v. Swarthout, Case No. 2:12-cv-01633 JFM.

3. The Clerk of Court is directed to file, in Langston v. Swarthout, Case No. 2:12-cv-01633 JFM, a copy of this order together with the petition in the instant case on February 2, 2013 (Dkt. No. 1).

////

////

////

////

1   4. Finally, the Clerk of Court is directed to close this case.

2   SO ORDERED.

3   DATED: March 21, 2013

4   _____
    KENDALL J. NEWMAN
5   UNITED STATES MAGISTRATE JUDGE

6   lang0197.hc.woods