1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WALTER SHANE LANGSTON,                    No.  2:12-cv-01633 JFM (HC)

12              Petitioner,

13        v.                                   ORDER

14   GARY SWARTHOUT,

15              Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Both parties have consented to the jurisdiction of the undersigned

19   magistrate judge for all purposes.  ECF Nos. 4, 14; see 28 U.S.C. § 636(c); Local Rule 305(a).

20        Presently pending before the court are the following motions: (1) petitioner's February 1,

21   2013, and March 15, 2013, motions for leave to amend his habeas petition to add additional

22   claims; (2) petitioner's April 3, 2013, motion for stay and abeyance; (3) petitioner's March 11,

23   2013, motion for reconsideration of the clerk's denial of his request for entry of default; and (4)

24   petitioner's May 7, 2013, motion for discovery.[1]  The court will address these motions in turn

25   below.

26   ////

27   _____

28   [1] Where applicable, the dates used for petitioner's filings are determined pursuant to the prisoner
     mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

                                                1

1    I.     BACKGROUND

2            Petitioner is serving a seventeen year and four month sentence that was imposed in the

3    Sacramento County Superior Court ("SCSC") on May 21, 2010, for residential burglary (Cal.

4    Pen. Code § 459), vehicle theft (Cal. Veh. Code §10851(a)), possession of a stolen vehicle (Cal.

5    Pen. Code § 496d (a)), and misdemeanor resisting a peace officer (Cal. Pen. Code §148 (a)(1)).

6            On May 8, 2008, petitioner was sentenced to a term of fourteen years and four months in

7    state prison.  Resp't's Lodged Doc. ("LD") 7.  On appeal, petitioner argued that he must be

8    allowed to withdraw his plea because it was induced by the trial court's promise that he could

9    appeal the denial of various motions.  Id.  On August 10, 2009, the judgment was reversed by the

10   Court of Appeal of the State of California, Third Appellate District ("CCA").  Id.  The CCA

11   found that petitioner's plea was induced by misrepresentations of his appellate rights, and that

12   petitioner must be given the opportunity to withdraw his plea and proceed to trial.  Id.

13           "On remand, . . . [petitioner] moved to withdraw his plea and the trial court granted his

14   motion."  LD 15.  "Thereafter, . . . [petitioner] entered a straight-up no contest plea to all counts

15   and allegations; a sentence was not indicated or negotiated."  Id.  On May 21, 2010, petitioner

16   was sentenced to a term of seventeen years and four months in state prison, three years longer

17   than his original sentence.[2]  Id.   On direct appeal to the CCA, petitioner argued that "the trial

18   court violated the state constitution's prohibition against double jeopardy in imposing a more

19   severe sentence on remand[,] . . . [and] that the more severe sentence violates his state

20   constitutional right to procedural due process."  Id.  On October 13, 2011, the CCA found that

21   "[t]he new sentence does not violate either principles of double jeopardy or procedural fairness"

22   and affirmed the judgment (case number C065444).  Id.  On November 28, 2011, petitioner filed

23   a petition for review with the California Supreme Court that raised the following claims: (1)

24   respondent's appellate brief was untimely, (2) the trial court violated his constitutional rights

25   prohibiting double jeopardy by imposing a more severe punishment than imposed by the prior

26   _____

[2] On October 6, 2010, petitioner filed a Section 1983 complaint in this court, alleging the
circumstances surrounding his arrest on September 18, 2007, constituted racial profiling in
27   violation of his constitutional rights.  See Case No. 2:10-cv-02715.  Petitioner's action was
dismissed with prejudice on April 26, 2011, for failure to state a claim upon which relief can be
28   granted.  Id.

1    judgment, (3) prosecutorial misconduct for failure to provide evidence pursuant to the trial court's

2    discovery order, (4) ineffective assistance of appellate counsel for failure to obtain evidence from

3    the SCSC and trial counsel, (5) ineffective assistance of appellate counsel for failure to raise the

4    issue of the timeliness of respondent's brief on appeal and (6) ineffective assistance of trial and

5    appellate counsel regarding a suppression hearing.  LD 16.  The California Supreme Court denied

6    petitioner's petition for review on direct appeal on January 4, 2012 (case number S198221).  LD

7    17.

8          Prior to the CCA denying petitioner's direct appeal on October 13, 2011, petitioner

9    initiated two habeas corpus petitions with the SCSC.

10          On January 6, 2011, petitioner filed his first habeas petition with the SCSC, raising the

11   following grounds for relief: (1) prosecutorial misconduct regarding evidence, and (2) ineffective

12   assistance of trial counsel for failure to timely provide case documents to petitioner following

13   relief from representing petitioner.  LD 18.  These two claims are related to petitioner's efforts to

14   obtain case documents between May 1 and May 5, 2008, prior to his first sentence which was

15   later reversed and remanded by the CCA.  See LD 7.  On February 25, 2011, the SCSC denied

16   petitioner's habeas corpus petition without opinion (case number 11F00228).  LD 19.  On April

17   12, 2011, petitioner filed a petition for writ of habeas corpus with the CCA, raising the following

18   ground for relief: ineffective assistance of trial counsel for failure to provide case documents

19   (case number C067910).  LD 20.  On April 28, 2011, the CCA denied petitioner's habeas corpus

20   petition without opinion.  LD 21.

21          On July 20, 2011, petitioner filed his second habeas corpus petition with the SCSC,

22   raising the following grounds for relief: (1) ineffective assistance of trial counsel regarding

23   discovery, and (2) prosecutorial misconduct for intentional interference with a court discovery

24   order (case number 11F05253).  LD 22.  On August 8, 2011, the SCSC denied petitioner's

25   petition.  LD 23.  The SCSC noted that petitioner's direct appeal was still pending with the CCA

26   (case number C065444), and determined that as a result it was ousted of jurisdiction over the

27   claims.  Id.  Nevertheless, the SCSC also stated that even if the court was not ousted of

28   jurisdiction, "petitioner is not entitled to relief, as he has failed to state a prima facie claim for

1  relief." Id. (citing In re Bower, 38 Cal.3d 865 (Cal. 1985)).

2  On November 9, 2011, petitioner filed a petition for habeas corpus with the California

3  Supreme Court, raising the following grounds for relief: (1) prosecutorial misconduct for

4  intentional interference with a court discovery order, and (2) ineffective assistance of appellate

5  counsel for failure to raise issues upon direct appeal (case number S198456).  LD 24.  On May

6  23, 2012, the California Supreme Court denied petitioner's habeas corpus petition without

7  opinion.  LD 25.

8  Following the California Supreme Court's denial of petitioner's direct appeal and habeas

9  corpus petitions on January 4, 2012, and May 23, 2012, respectively, petitioner filed his federal

10  habeas petition in this court on June 8, 2012.  ECF No. 1.  Therein he raises five grounds for

11  federal habeas corpus relief: (1) double jeopardy; (2) untimeliness of respondent's briefing; (3)

12  prosecutorial misconduct regarding discovery; (4) unlawful arrest; and (5) ineffective assistance

13  of appellate counsel for failing to obtain all material evidence.  Id. at 6-9.  These claims are

14  exhausted because they were presented to the California Supreme Court in a petition for review

15  during petitioner's direct appeal.  LD 16.

16  In the interim, on December 21, 2012, the SCSC issued an order denying petitioner's

17  fourth petition for writ of habeas corpus (case number 12HC00554).[3]  ECF No. 27 at 69.  In his

18  fourth habeas corpus petition petitioner raised the following claims: (1) "trial defense counsel was

19  ineffective in failing to present facts as to why counsel failed to compel [a] witness . . . to attend"

20  a supplemental suppression hearing; (2) because a witness "had made a statement two years after

21  the fact that [the witness] did not believe that his truck had been damaged, that that indicated that

22  the prosecutor had presented false evidence at the first suppression hearing;" (3) "that counsel

23  failed to support the 'supplemental' motion to suppress with a factual declaration that the officers

24  involved in the detention and petitioner's subsequent arrest had given conflicting accounts as to

25  _____

26  [3] The court notes that petitioner also provided a CCA habeas corpus petition dated October 26, 2012.  ECF No. 27 at 80.  However, there is no indication that this petition was in fact filed with the CCA, nor did petitioner provide the attachments referenced in the petition.  Furthermore, it

27  does not appear that the court was provided with either petitioner's first, second or third habeas corpus petition presented to the SCSC as the court is only aware of three habeas corpus petitions

28  presented to the SCSC.

4

1    the probable cause justifying petitioner's detention;" (4) petitioner "was coerced into rejecting a

2    plea bargain that the prosecutor had offered, for 16 years 4 months in state prison;" and (5) that

3    the SCSC court "enforce the May 1, 2008, discovery order that was issued and that he be supplied

4    with all statements of all witnesses and all police in camera videos." ECF No. 27. The SCSC

5    found that petitioner's petition was a successive state court habeas corpus petition, and "an abuse

6    of the writ process." Id. (citing In re Robbins, 18 Cal.4th 770 (Cal. 1998); In re Clark, 5 Cal.4th

7    750 (Cal. 1993)). Nevertheless, the SCSC also found that each of petitioner's claims would fail

8    on the merits. Id.

9         In response to the instant petition, respondent was granted two extensions of time and

10   filed an answer on January 10, 2013. Petitioner did not file a traverse. On February 25, 2013,

11   petitioner filed a request for entry of default, arguing respondent failed to comply with the court's

12   order directing respondent to file a responsive pleading. ECF No. 16. On March 4, 2013, the

13   Clerk of the Court denied petitioner's request for entry of default. ECF No. 17. On March 11,

14   2013, petitioner filed a motion for reconsideration of the Clerk of the Court's denial of his request

15   for entry of default. ECF No. 18.

16        On February 1, 2013, petitioner filed a second habeas action challenging his May 2010

17   conviction. ECF No. 20; see Case No. 2:13-cv-0197. On March 22, 2013, the court construed

18   petitioner's second petition as a motion to amend the first petition, and dismissed petitioner's

19   claim. ECF No. 21. On March 15, 2013, petitioner filed a third habeas action. ECF No. 27; see

20   Case No. 2:13-cv-00519. On May 13, 2013, the court construed petitioner's third petition as a

21   motion to amend the first petition, and dismissed petitioner's claim. ECF No. 26. On April 3,

22   2013, petitioner filed a motion to stay in Case No. 2:13-cv-00519. ECF No. 28. On May 7, 2013,

23   petitioner filed a motion for discovery. ECF No. 25.

24   II.    ANALYSIS

25   A.    Motions to Amend

26        As noted above, petitioner's first federal habeas corpus petition was filed on June 8, 2012,

27   and raises the following grounds: (1) double jeopardy; (2) untimeliness of respondent's briefing;

28   (3) prosecutorial misconduct regarding discovery; (4) unlawful arrest; and (5) ineffective

1   assistance of appellate counsel for failure to obtain all material evidence.  ECF No. 1.

2          On January 21, 2013, petitioner filed a second habeas petition ("the second petition")

3   which asserts one claim challenging his May 2010 conviction: the trial court erred in denying

4   petitioner's motion to withdraw his no-contest plea.  ECF No. 20; see Case No. 2:13-cv-0197.

5   On March 22, 2013, the court construed the second petition as a motion to amend the first

6   petition, and dismissed petitioner's claim.  ECF Nos. 20, 21; see Woods v. Carey, 525 F.3d 886,

7   888 (9th Cir. 2008).  On April 8, 2013, respondent filed an opposition to petitioner's first motion

8   to amend, arguing that "the additional claim is unexhausted, and the amendment would be futile."

9   ECF No. 22.

10         On March 13, 2013, petitioner filed a third habeas petition ("the third petition")

11  challenging his May 2010 conviction, asserting the following claims: (1) ineffective assistance of

12  trial counsel for failure to present evidence regarding a witness at a May 7, 2008, hearing on

13  petitioner's request for a supplemental hearing on his motion to suppress; (2) the prosecutor,

14  judge and defense counsel conspired to coerce petitioner into rejecting the prosecutor's offer of a

15  plea bargain for a term of sixteen years and four months which violated his due process rights;

16  and (3) ineffective assistance of trial counsel for failure to timely provide discovery pursuant to a

17  May 1, 2008, discovery order.  ECF No. 27; see Case No. 2:13-cv-00519.  On May 13, 2013, the

18  court construed the third petition as a motion to amend the first petition, and dismissed

19  petitioner's claim.  ECF No. 26.  On May 30, 2013, respondent opposed petitioner's second

20  motion to amend, arguing that amending the petition would be futile because petitioner's newly

21  proposed claims are unexhausted.  ECF No. 30.  On July 2, 2013, petitioner replied to

22  respondent's May 30, 2013, opposition, arguing, in part, that "respondent failed to submit

23  documentation supporting his allegation, that petitioner failed to exhaust the administrative

24  remedies."  ECF No. 31.

25         Each proposed new claim will be addressed in turn below.  For the reasons set forth

26  below, petitioner's first motion to amend will be denied, and petitioner's second motion to amend

27  will be granted in part and denied in part.

28  ////

1        Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings

2   once as a matter of course before a responsive pleading is served and may seek leave of court to

3   amend his pleading at any time during the proceeding.  See Mayle v. Felix, 545 U.S. 644, 654

4   (2005); see also In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to habeas

5   actions with the same force that it applies to other civil cases).  Here, a responsive pleading has

6   been filed, and the matter is ready for a decision.  Accordingly, any leave to amend must be

7   approved by the court.  Although leave of court should be given freely, a court may deny a

8   motion to amend if the motion is made in bad faith, there would be prejudice to the opposing

9   party, the amendment would be futile or would delay the action, or if the party acted in a dilatory

10  fashion in seeking leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v.

11  Hall, 548 F.3d 729, 732 (9th Cir. 2008); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)

12  (applying these factors with respect to a motion to amend in a habeas case); Bonin v. Calderon,

13  59 F.3d 815, 845 (9th Cir. 1995) (same).  Prejudice to the opposing party is the most important

14  factor in assessing a motion to amend.  See Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th

15  Cir. 1990).  Bad faith may be shown when a party seeks to amend late in the litigation process

16  with claims which were, or should have been, apparent early.  See Bonin, 59 F.3d at 846.  A

17  motion to amend a pleading is addressed to the sound discretion of the court and must be decided

18  upon the facts and circumstances of each particular case.  See Sackett v. Beaman, 399 F.2d 884,

19  889 (9th Cir. 1968).

20       The exhaustion of state court remedies is a prerequisite to the granting of a petition for

21  writ of habeas corpus.  28 U.S.C. § 2254(b)(1); Harbison v. Bell, 556 U.S. 180 (2009)

22  ("Petitioners must exhaust their claims in state court before seeking federal habeas relief.").  A

23  state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate

24  state courts at all appellate stages afforded under state law.  Baldwin v. Reese, 541 U.S. 27, 29

25  (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state

26  courts one full opportunity to resolve any constitutional issues by invoking one complete round of

27  the State's established appellate review process"); Picard v. Connor, 404 U.S. 270, 276 (1971):

28  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004); Middleton v. Cupp, 768 F.2d 1083, 1086

1  (9th Cir. 1985).

2       The Supreme Court has adopted a rule of "total exhaustion" for habeas petitions and thus

3  has held that district courts "must dismiss" mixed petitions.  Rose v. Lundy, 455 U.S. 509 (1982);

4  accord Pliler v. Ford, 542 U.S. 225, 230 (2004) ("[F]ederal district courts must dismiss mixed

5  habeas petitions.") (citing Rose, 455 U.S. at 510, 522).

6       As noted above, petitioner seeks to add the following four claims to his petition:  (1) the

7  trial court erred in denying petitioner's motion to withdraw his no-contest plea; (2) ineffective

8  assistance of trial counsel for failure to present evidence regarding a witness at a May 7, 2008,

9  hearing on petitioner's request for a supplemental hearing on his motion to suppress; (3) the

10  prosecutor, judge and defense counsel conspired to coerce petitioner into rejecting the

11  prosecutor's offer of a plea bargain for a term of sixteen years and four months which violated his

12  due process rights; and (4) ineffective assistance of trial counsel for failure to timely provide

13  discovery pursuant to a May 1, 2008, discovery order.  ECF Nos. 20, 27.

14       With regard to the first, third and fourth claims above, after carefully reviewing

15  petitioner's state court direct appeal and habeas corpus petitions, the court finds that these claims

16  have not been properly presented to the California Supreme Court and are therefore unexhausted.[4]

17  Accordingly, petitioner's motion to amend to add these new claims to his pending federal habeas

18  petition would be futile because it would create a mixed petition of exhausted and unexhausted

19  claims that would have to be dismissed pursuant to Rose, 455 U.S. 509.[5]

20       With regard to petitioner's claim regarding ineffective assistance of trial counsel for

21  failing to present evidence regarding a witness (ECF No. 27), the court finds that it has been

22  presented to the California Supreme Court on direct appeal and is therefore a properly exhausted

23  [4] It appears petitioner has presented his claim regarding a conspiracy to coerce him into rejecting
   the prosecutor's offer to the SCSC which was denied on December 21, 2012.  ECF No. 27 at 69.

24  Further, it appears petitioner presented his claim for ineffective assistance of trial counsel for
   failure to timely provide discovery in his habeas corpus petitions to the SCSC and CCA.  See LD

25  18, 20.  It does not appear that petitioner has presented his claim regarding the trial court's error
   in denying his motion to withdraw his no-contest plea at any level of state court proceedings.

26

27  [5] While it is within a district court's discretion to stay a mixed petition in limited circumstances
   pursuant to Rhines v. Weber, 544 U.S. 269 (2005), petitioner has not established the requisite

28  good cause, as discussed below.  Accordingly, petitioner's motion to stay his petition to exhaust
   these three claims will be addressed separately below.

1    claim.  See LD 16 ("Petitioner request to include[] issues that trial counsel and appellate counsel

2    fail [sic] to raise during trial and during first appeal and second appeal, concerning suppression

3    proceedings thereby resulting [in] ineffective assistance of counsel(s).").

4         As discussed above, in deciding whether to allow an amendment, the court may consider

5    "bad faith, undue delay, prejudice to the opposing party, futility of the amendment and whether

6    the party has previously amended his pleadings." Bonin, 59 F.3d at 844-45.  Here, no bad faith is

7    apparent from the record.  Petitioner appears to have proceeded with good faith when lodging his

8    implied first and second motions to amend.  Moreover, adding this claim would not create a

9    mixed petition because it has been properly exhausted.

10        Therefore, the court will grant petitioner's second motion to amend his first-filed petition,

11   in part (ECF No. 27), to include the following claim: ineffective assistance of trial counsel for

12   failure to present evidence regarding a witness at a May 7, 2008, hearing on petitioner's request

13   for a supplemental hearing on his motion to suppress.  Petitioner's first motion to amend (ECF

14   No. 20) will be denied because it contains one unexhausted claim, and petitioner's second motion

15   to amend (ECF No. 27) will be denied in part to the extent it seeks to add the unexhausted claims

16   discussed above.

17   B.    Motion for Stay and Abeyance

18        On April 3, 2013, petitioner filed a motion to stay in which he requests to "stay or abey

19   the new case 2:13-cv-00519 EFB because petitioner does not request to amend or supplement the

20   new [petition] with the pending petition, because the respondent, has default[ed] in the pending

21   case 2:12-cv-01633 JFM."  ECF No. 28.  Petitioner requests a stay and abeyance of the action

22   pending the exhaustion of his state court claims.  Id.  As noted above, petitioner seeks to add three

23   unexhausted claims to his petition: (1) the trial court erred in denying petitioner's motion to

24   withdraw his no-contest plea; (2) the prosecutor, judge and defense counsel conspired to coerce

25   petitioner into rejecting the prosecutor's offer of a plea bargain for a term of sixteen years and

26   four months which violated his due process rights; and (3) ineffective assistance of trial counsel

27   for failure to timely provide discovery pursuant to a May 1, 2008, discovery order.  ECF Nos. 20,

28   27.  Respondent opposed petitioner's motion on May 30, 2013, arguing that petitioner has not

demonstrated the requisite good cause for a failure to timely exhaust his state court remedies. ECF No. 30.  In his reply, petitioner does not address whether he has established good cause for a stay.[6]  ECF No. 31.

The Ninth Circuit Court of Appeals has recently clarified the procedures for analyzing stay and abeyance motions.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  There are two approaches for analyzing a motion for a stay and abeyance, depending on whether the petition is mixed or fully exhausted.  See id. at 1135-36; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay and abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request can be analyzed under the standard announced by the Supreme Court in Rhines, 544 U.S. 269.  See Jackson, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay and abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), applies.  See Jackson, 425 F.3d at 661.

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claim and then return to federal court for review of his perfected petition.  Rhines, 544 U.S. at 276.  This stay and abeyance is available in limited circumstances, and a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.  Rhines, 544 U.S. at 277-78.  Rhines stays and holds in abeyance both the exhausted and unexhausted claims.

---

[6] In his reply, petitioner states that "it was the court order of decision that petitioner follow the order of the law, when filing amended or supplemental petitions.  Petition [sic] indicates that this Court previously explained to the respondent, in [its] own order to accept the second petition as an amendment."  ECF No. 30.  It appears petitioner is referencing the order addressing the second petition which states that "petitioner may, in his first-filed action, seek leave to 'stay and abey' that action pending the state court exhaustion of his new claim."  ECF No. 21 (citing Rhines, 544 U.S. 269).  The court notes that this order in no way grants an amendment of petitioner's first-filed petition.  Rather, it merely provides petitioner with some of the applicable standards in seeking a motion to stay and abey.

1    In contrast, any claim exhausted during a <u>Kelly</u> stay must "relate back" to the claims in

2    the original petition under the doctrine set forth in <u>Mayle</u>, 545 U.S. 644, or else be timely filed

3    under the AEDPA's one-year statute of limitation.  <u>See King</u>, 564 F.3d at 1140-41; 28 U.S.C. §

4    2244(d).  Under <u>Kelly</u>'s three-step procedure: (1) a petitioner files an amended federal petition

5    deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended,

6    fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust

7    the deleted claims;" and (3) petitioner later amends his petition and reattaches "the newly-

8    exhausted claims to the original petition."  <u>Id.</u> at 1135.

9    Here, in his motion for a stay, petitioner expressly invokes the <u>Rhines</u> procedure.  ECF

10   No. 28.  However, because petitioner's amended petition, which by this order includes one new

11   exhausted claim, is not a mixed petition and contains only exhausted claims, the <u>Kelly</u> option is

12   appropriate:[7]

13   
> "<u>Rhines</u> applies to stays of *mixed* petitions, whereas the [<u>Kelly</u>]
> three-step procedure applies to stays of *fully* exhausted petitions."

14   <u>King</u>, 564 F.3d at 1140 (quoting <u>Jackson</u>, 425 F.3d at 661 (emphasis in original)).

15   As mentioned above, a petitioner seeking a stay under <u>Kelly</u>, as distinct from <u>Rhines</u>, need

16   not make a showing of good cause.  <u>King</u>, 564 F.3d at 1143.  While respondent did not address

17   whether petition's unexhausted claims would be time barred if petitioner was given an

18   opportunity to exhaust them in state court, the court finds that they are currently not time barred.[8]

---

[7] Even if petitioner was seeking a stay and abeyance under the <u>Rhines</u> procedure, his request
would be denied.  Petitioner has not shown good cause for his failure to exhaust or explained and
demonstrated how his unexhausted claims are potentially meritorious.  <u>Rhines</u>, 544 U.S. at 277-
78.

[8] The California Supreme Court denied petitioner's petition for review on direct appeal on
January 4, 2012.  Consequently, petitioner's judgment of conviction became final on April 3,
2012, when the 90-day period for petitioner to petition the United States Supreme Court for a writ
of certiorari expired.  <u>See Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Once his
conviction became final, petitioner had one year from the following day, April 4, 2013, in which
to file the instant petition.  <u>See</u> 28 U.S.C. § 2244(d)(1)(A); <u>Patterson v. Stewart</u>, 251 F.3d 1243
(9th Cir.2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the
calculation of statutory tolling applicable to the one year limitations period.).  Therefore,
petitioner had until April 4, 2013, to commence this action.  Applying the mailbox rule, <u>Houston</u>,
487 U.S. at 276, petitioner filed his original petition on June 8, 2012.  ECF No. 1.  Petitioner filed
his first motion to amend on January 21, 2013 (ECF No. 20), and his second motion to amend on
March 13, 2013 (ECF No. 27).  While the court makes no ruling regarding statutory or equitable
tolling at this time, the initial filings of petitioner's petition and motions to amend do not violate
the one-year period of limitation set forth in AEDPA.  28 U.S.C. § 2244(d).  However, petitioner

1    Accordingly, since petitioner has sought and been granted leave to amend his petition to

2    include only exhausted claims, he has therefore otherwise met the requirements of <u>Kelly</u>, the

3    court will grant petitioner's motion for a stay of the proceedings and will hold the petition for writ

4    of habeas corpus in abeyance pending exhaustion of petitioner's state court remedies.[9]   <u>See</u>

5    <u>Calderon v. U.S. Dist. Ct. (Taylor)</u>, 134 F.3d 981, 988 n.8 (9th Cir. 1998) (granting a stay is

6    appropriate where there is no intention to delay or harass and in order to avoid piecemeal

7    litigation).

8    However, the court will not indefinitely hold the petition in abeyance. <u>See</u> <u>Taylor</u>, 134

9    F.3d at 988 n.11.  Following final action by the state courts, petitioner will be allowed thirty days

10   within which to notify the court that he has completed his exhaustion process in state court.

11   Petitioner shall file a motion to lift the stay which must be accompanied by a complete habeas

12   corpus petition that contains the following exhausted and newly-exhausted claims as outlined in

13   this order:

14       (1) Double jeopardy;

15       (2) Untimeliness of respondent's briefing;

16       (3) Prosecutorial misconduct regarding discovery;

17       (4) Unlawful arrest;

18       (5) Ineffective assistance of appellate counsel for failing to obtain
19           all material evidence;

20       (6) The trial court erred in denying petitioner's motion to withdraw
         his no-contest plea;

21       (7) ineffective assistance of trial counsel for failure to present
22           evidence regarding a witness at a May 7, 2008, hearing on
         petitioner's request for a supplemental hearing on his motion to

23   _____

is cautioned that "the <u>Kelly</u> procedure . . . does nothing to protect a petitioner's unexhausted
24   claims from untimeliness in the interim."  <u>King</u>, 564 F.3d at 1141; <u>see also</u> <u>Duncan v. Walker</u>,
533 U.S. 167 (2001) (a federal habeas application does not toll the limitations period under 28
25   U.S.C. § 2244(d)(2)).

[9] Petitioner is reminded that the habeas corpus statute imposes a one year statute of limitations for
26   filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will
start to run on the date on which the state court judgment became final by the conclusion of direct
27   review or the expiration of time for seeking direct review, although the statute of limitations is
tolled while a properly filed application for state post-conviction or other collateral review is
28   pending.  28 U.S.C. § 2244(d).

1    suppress;

2    (8) The prosecutor, judge and defense counsel conspired to coerce
     petitioner into rejecting the prosecutor's offer of a plea bargain for a
3    term of sixteen years and four months which violated his due
     process rights; and
4
     (9) Ineffective assistance of trial counsel for failure to timely
5    provide discovery pursuant to a May 1, 2008, discovery order.

6    At that point, the court will issue a new briefing schedule regarding the claims in the amended

7    petition. Failure to comply with these instructions and time allowances will result in this court

8    vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

9    C.      Motion for Reconsideration

10           On February 25, 2013, petitioner filed a request for entry of default, arguing that

11   respondent failed to comply with the court's December 19, 2012, order directing respondent to

12   file an answer on or before January 11, 2013. ECF No. 16. On March 4, 2013, the Clerk of the

13   Court denied petitioner's request for entry of default because respondent filed an answer on

14   January 10, 2013. ECF No. 17.

15           Petitioner seeks reconsideration of the denial of his request for entry of default.[10] ECF

16   No. 18. Petitioner argues that respondent failed to answer or respond by the deadline imposed by

17   the court in its December 19, 2012, order, because "[p]etitioner has not received any

18   documentation from this court." Id.

19           However, on January 10, 2013, respondent timely filed an answer to petitioner's petition

20   for writ of habeas corpus, and mailed a copy on the same day to petitioner's location at California

21   State Prison, Solano. ECF No. 13. Therefore, petitioner's motion is without merit. Moreover,

22   the failure of respondent to file a timely response to the claims in a habeas corpus petition does

23   not entitle petitioner to default judgment. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.

24   1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to

25   timely respond to petition does not entitle the petitioner to default); United States ex rel. Mattox

26   v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate

27

28   _____
     [10] Rule 60, Federal Rules of Civil Procedure, authorizes, inter alia, relief from a final order for
     "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

1    remedy for a state's failure to answer a habeas corpus petition); <u>Bermudez v. Reid</u>, 733 F.2d 18

2    (2nd Cir. 1984) (failure of state attorney general to comply with court's order to respond not a

3    justification for entering default judgment in favor of petitioner).  Thus, regardless of whether

4    respondent is delinquent in responding to petitioner's petition, the court is obligated to hear the

5    case on the merits.

6           Accordingly, petitioner's motion for reconsideration of the denial of his request for entry

7    of default will be denied.

8    D.     Motion for Discovery

9           On May 7, 2013, petitioner filed a motion for discovery, arguing that "discovery is needed

10   in order to further his arguments that the probable cause to arrest or detain were [sic] not

11   reasonable and unlawful and that there were other witness [sic] who stated that the arresting

12   officer reasoning of detention was not as to the arresting officer testimony."  ECF No. 25.

13   Respondent did not file a response to petitioner's motion.

14          "The writ of habeas corpus is not a proceeding in the original criminal prosecution but an

15   independent civil suit."  <u>Riddle v. Dyche</u>, 262 U.S. 333, 335-36 (1923); <u>see</u>, <u>e.g.</u>, <u>Keeney v.</u>

16   <u>Tamayo–Reyes</u>, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting).  However, modern habeas

17   corpus procedure has the same function as an ordinary appeal.  <u>See</u> <u>Anderson v. Butler</u>, 886 F.2d

18   111, 113 (5th Cir. 1989); <u>see also</u> <u>O'Neal v. McAnnich</u>, 513 U.S. 440, 442 (1995) (federal court's

19   function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis

20   omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a

21   habeas corpus petitioner is not entitled to broad discovery.  <u>Bracy v. Gramley</u>, 520 U.S. 899, 904

22   (1997); <u>Harris v. Nelson</u>, 394 U.S. 286, 295 (1969).  Although discovery is available pursuant to

23   Rule 6, it is only granted at the court's discretion and upon a showing of good cause.  <u>Bracy</u>, 520

24   U.S. at 904; <u>McDaniel v. United States Dist. Court (Jones )</u>, 127 F.3d 886, 888 (9th Cir. 1997);

25   <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section

26   2254.

27          Here, petitioner does not demonstrate the requisite good cause as to why his request for

28   discovery should be granted.  Petitioner seeks to conduct discovery in order to develop his

                                                     14

1  argument that the arresting officer did not have probable cause to arrest him, and that there are

2  witnesses to corroborate this argument.  However, with regard to a Fourth Amendment claim,

3  "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether

4  he did in fact do so or even whether the claim was correctly decided."  Ortiz–Sandoval v. Gomez,

5  81 F.3d 891, 899 (9th Cir. 1996); see also Stone v. Powell, 428 U.S. 465, 482 (1975) ("[W]here

6  the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the

7  Constitution does not require that a state prisoner be granted federal habeas corpus relief on the

8  ground that evidence obtained in an unconstitutional search or seizure was introduced at his

9  trial.").  This court is not authorized to conduct a full inquiry into the merits of petitioner's Fourth

10  Amendment unlawful arrest claim.  Stone, 428 U.S. 465.  Petitioner's discovery request is not

11  limited to an inquiry into whether he had a "full and fair" chance to litigate his Fourth

12  Amendment claim in state court.  Therefore, petitioner's motion for discovery will be denied.

13  III.    CONCLUSION

14         In accordance with the above, IT IS HEREBY ORDERED that:

15         (1) Petitioner's February 1, 2013 (ECF No. 20) motion for leave to amend his habeas

16  petition is denied;

17         (2)  Petitioner's March 15, 2013 (ECF No. 27), motion for leave to amend his habeas

18  petition is granted in part and denied in part;

19         (3) Petitioner's April 3, 2013, motion for stay and abeyance (ECF No. 28) is granted;

20         (4) Petitioner's March 11, 2013, motion for reconsideration of the Clerk of the Court's

21  entry of default (ECF No. 18) is denied;

22         (5) Petitioner's May 7, 2013, motion for discovery (ECF No. 25) is denied; and

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1    (6) Within thirty days of the California Supreme Court issuing a final order resolving

2 petitioner's unexhausted claims, petitioner shall file a motion to lift the stay which must be

3 accompanied by a complete habeas corpus petition that contains the exhausted and newly-

4 exhausted claims outlined in this order.

5 Dated:  September 26, 2013

6                                                                                                        _____

                                                                                                         CAROLYN K. DELANEY

7 lang1633.mta                                                                                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16