UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 2:12-cv-01633 CKD (HC) |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes.  ECF Nos. 4, 14; see 28 U.S.C. § 636(c); Local Rule 305(a). Pursuant to this court's order dated September 26, 2013, this case is stayed pending resolution of petitioner's unexhausted claims in state court.  ECF No. 32.  Presently pending before the court is petitioner's November 18, 2013 "motion to compel" (ECF No. 39) and petitioner's November 21, 2013 "motion for reconsideration of record" (ECF No. 40).  For the reasons discussed below, both motions will be denied.

    On November 18, 2013, petitioner filed a document styled as a "motion to compel" in which petitioner requests "all briefing" in this action.  ECF No. 39.  While petitioner is proceeding in forma pauperis, this status does not include the cost of copies.  Therefore, petitioner's motion will be denied.

Petitioner is advised that the Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. If petitioner chooses to request a copy of documents filed in this action, checks in the exact amount should be made payable to "Clerk, USDC." Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948.

On November 21, 2013, petitioner filed a "motion for reconsideration of record" in which petitioner seeks reconsideration of the court's September 26, 2013 order staying this action. ECF No. 40. Specifically, petitioner seeks clarification of the court's order in light of an opposition filed on May 13, 2013, which addresses petitioner's claim that the trial court erred in denying his motion to withdraw his no-contest plea. Id. While the court is not aware of an opposition filed on May 13, 2013, the court presumes petitioner is referring to respondent's opposition filed on April 8, 2013, which is quoted in petitioner's motion. See ECF No. 22.

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, petitioner has failed to make a showing to warrant vacating or amending the order which stayed his action and granted him the opportunity to exhaust his claims

/////

/////

2

in state court. Therefore, petitioner's motion for reconsideration will be denied.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's November 18, 2013 motion to compel (ECF No. 39) is denied; and

2. Petitioner's November 21, 2013 motion for reconsideration (ECF No. 40) is denied.

Dated: November 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lang1633.mot

---

[1] To the extent petitioner is concerned regarding the alleged discrepancy between respondent's April 8, 2013 opposition and this court's order, petitioner is advised that respondent's opposition addressed only one of the many claims petitioner sought to add to his petition while this court's September 26, 2013 order addressed *all* of the claims presented by petitioner in his two motions to amend (ECF Nos. 20, 27).

3