UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT,<br><br>Respondent. | No. 2:12-cv-01633 CKD (HC)<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes. ECF Nos. 4, 14; see 28 U.S.C. § 636(c); Local Rule 305(a). Pursuant to this court's order dated September 26, 2013, this case is stayed pending resolution of petitioner's unexhausted claims in state court. ECF No. 32.

Presently pending before the court are the following motions: (1) petitioner's January 9, 2014 "motion of injunction relief to compel for the department of correction to follow court order" (ECF No. 42); (2) petitioner's January 13, 2014 "injunction relief supplement motion" (ECF No. 43); and (3) petitioner's February 3, 2014 motion for reconsideration of the court's September 26, 2013 order staying this action (ECF No. 48). For the reasons discussed below, petitioner's motions for injunctive relief will be denied, and petitioner's motion for reconsideration will be granted.

I.      Motions for Injunctive Relief

On January 9, 2014, petitioner filed a document styled as a "motion of injunction relief to compel for the department of correction to follow court order" in which petitioner requests an order that he receive an "Olsen Review." ECF No 42 at 2. Petitioner also indicates that he has "repeatedly requested the staff members to follow the court order . . . dated September 26, 2013, an order giving in all confidence, that petitioner would be allowed to have access to the law library and access to his legal documents." Id. at 1-2. In his January 13, 2014 "supplement motion," petitioner indicates that his "request for interviews for legal material" have been denied and requests that "this court . . . order that retaliation stop" because "petitioner cannot meet the September 26, 2013 deadline imposed by the court." ECF No. 43. It appears from petitioner's motions that petitioner is unable to access either or both the law library and his legal materials pertaining to this action. The court ordered respondent to respond to petitioner's arguments. ECF No. 44. On February 5, 2014, respondent timely opposed petitioner's motion to compel (ECF No. 47) and on February 19, 2014, petitioner replied thereto (ECF No. 49). Petitioner's requests and respondent's oppositions will be addressed in turn below.

      A.      Olsen Review

With regard to petitioner's request for an order that he receive an Olsen review, petitioner indicates that he is unable to support his statements to the court regarding his medical condition without an Olsen review. ECF No. 42 at 2. Petitioner is entitled under state law to view any non-confidential portions of his administrative file, access known in the California prison system as an "Olsen review." Here, petitioner does not indicate that he has sought an Olsen review of his medical file using prison procedures. Thus, petitioner's request will be denied. Petitioner should not file a motion for an Olsen review until he avails himself of and exhausts the ordinary procedures for accessing his medical file and has in fact been denied.

      B.      Access to Law Library

Petitioner also moves the court for an order requiring California Department of Corrections and Rehabilitation to grant him access to the law library and access to his legal documents. ECF Nos. 42, 43. Such a request is, in effect, a request for injunctive relief.

1  Respondent opposes petitioner's motion, arguing that petitioner "should seek relief through
2  administrative avenues within the Department of Corrections or a civil action under U.S.C.
3  § 1983." ECF No. 47 at 2.
4  　　　As a threshold matter, the court notes that, contrary to petitioner's assertion, nothing in the
5  court's September 26, 2013 order indicates a ruling that petitioner be allowed access to the law
6  library and his legal documents. See ECF No. 42 at 1-2. Likewise, the September 26, 2013 order
7  does not indicate a specific deadline by which petitioner must complete his exhaustion process in
8  state court. Rather, the September 26, 2013 order states that "the court will not indefinitely hold
9  the petition in abeyance," and "[*f*]*ollowing final action by the state courts*, petitioner will be
10 allowed thirty days within which to notify the court that he has completed his exhaustion process
11 in state court." ECF No. 32 at 12 (emphasis added).
12 　　　Here, petitioner's motions include allegations against parties who are not named in this
13 action. To the extent petitioner seeks injunctive relief against the California Department of
14 Corrections and Officer L. Perez, the court is unable to issue an order against individuals who are
15 not parties to an action pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc.,
16 395 U.S. 100, 112 (1969).
17 　　　A preliminary injunction should not issue unless necessary to prevent threatened injury
18 that would impair the court's ability to grant effective relief in a pending action. "A preliminary
19 injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the
20 status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v.
21 Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents
22 the exercise of a far reaching power not to be indulged except in a case clearly warranting it.
23 Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard
24 for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
25 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
26 balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans,
27 Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.2009), quoting Winter v. Natural Res. Def. Council,
28 Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any

preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). However, there is no freestanding constitutional right to law library access for prisoners. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. See id. at 351. "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). A prisoner claiming that his right of access to the courts has been (or will be) violated due to inadequate library access must show that: 1) access was (or will be) so limited as to be unreasonable, and 2) the inadequate access caused (or will cause) actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

A prisoner cannot make conclusory declarations of injury in alleging his access to the courts has been impeded. That is, it is not enough for an inmate to show some sort of denial of access and leave it at that. He must also show "actual injury" from the denial or delay of services. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996). If the underlying action is frivolous, a petitioner cannot make the necessary showing of actual injury. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, petitioner claims that he is unable to meet the court's deadline set forth in the September 26, 2013 order because he has been denied access to the law library and his legal

1  documents.¹  However, as noted above, the court did not set forth a specific deadline for
2  exhausting his state court remedies.  Other than his conclusory allegations regarding access to the
3  library and legal documents, petitioner has failed to allege that, for example, he has been unable
4  to exhaust his claims in state court because of deficiencies in the prison's legal assistance
5  facilities.  Lewis, 518 U.S. at 351.  Petitioner has failed to demonstrate that in the absence of
6  preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.
7  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a
8  preliminary injunction."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.
9  1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).
10 Petitioner has provided no basis for this court to interfere with the prison's administration of its
11 law library, so his request for injunctive relief will be denied.

   C.   Appointment of Counsel

13    In his January 9, 2014 motion, petitioner included a request for the appointment of
14 counsel.  ECF No. 42 at 2.  Petitioner requests the appointment of counsel because, among other
15 reasons, he "has [been] committed to high level of care due to his [psychological],
16 hallucinations."  Id.  There currently exists no absolute right to appointment of counsel in habeas
17 proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.
18 § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice
19 so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does
20 not find that the interests of justice would be served by the appointment of counsel at the present
21 time.  Therefore, petitioner's request for appointment of counsel will be denied.

22 II.  Motion for Reconsideration

23    On February 3, 2014, petitioner filed a motion for reconsideration of this court's
24 September 26, 2013 order.  ECF No. 48.  Petitioner provided with his motion a copy of a petition
25 for writ of habeas corpus filed with the California Supreme Court on October 1, 2012.  Id. at Ex.
26 A.  The petition presented the following ground for relief: "Honorable Judge Micheal [sic]

---

¹ Petitioner also alleges retaliation as a basis for denying him access to the law library and his legal documents.  However, other than his conclusory statements of retaliation, petitioner has failed to set forth any facts indicating his access was denied in retaliation for his actions.

Savage failed to grant petitioner motion to withdraw his no contest pleas upon the Third Appellate District Court's remand." Id.  The court takes judicial notice of the California Appellate Courts website which reflects that petitioner filed a petition for review in the California Supreme Court on October 1, 2012, Case No. S205718, which was denied on December 12, 2012, with citation to In re Clark, 5 Cal.4th 750, 767-69 (Cal. 1993).[2]

In the court's September 26, 2013 order, the court found that petitioner's claim that the trial court erred in denying his motion to withdraw his no-contest plea had not been properly presented to the California Supreme Court.  ECF No. 32 at 8.  The petition provided by petitioner in his recent motion for reconsideration was not part of the record reviewed by the court in September 2013.  In light of this information, the court will amend its September 26, 2013 order and find that petitioner has properly exhausted this claim.  Therefore, the two claims that remain unexhausted are: (1) the prosecutor, judge and defense counsel conspired to coerce petitioner into rejecting the prosecutor's offer of a plea bargain for a term of sixteen years and four months which violated his due process rights; and (2) ineffective assistance of trial counsel for failure to timely provide discovery pursuant to a May 1, 2008, discovery order.  ECF No. 32 at 8, n.4.

Notwithstanding this modification, the court's September 26, 2013 order remains unchanged.  This action is stayed pending petitioner's exhaustion of the two claims described above.  After petitioner exhausts his claims in state court, he will have thirty days within which to notify the court that he has completed his exhaustion process in state court.  Petitioner shall file a motion to lift the stay which must be accompanied by a complete habeas corpus petition that contains the following exhausted and newly-exhausted claims as outlined in the court's September 26, 2013 order:

(1) Double jeopardy;

(2) Untimeliness of respondent's briefing;

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

    (3) Prosecutorial misconduct regarding discovery;

    (4) Unlawful arrest;

    (5) Ineffective assistance of appellate counsel for failing to obtain all material evidence;

    (6) The trial court erred in denying petitioner's motion to withdraw his no-contest plea;

    (7) ineffective assistance of trial counsel for failure to present evidence regarding a witness at a May 7, 2008, hearing on petitioner's request for a supplemental hearing on his motion to suppress;

    (8) The prosecutor, judge and defense counsel conspired to coerce petitioner into rejecting the prosecutor's offer of a plea bargain for a term of sixteen years and four months which violated his due process rights; and

    (9) Ineffective assistance of trial counsel for failure to timely provide discovery pursuant to a May 1, 2008, discovery order.

ECF No. 32. The court reiterates that, while the court will not stay this action indefinitely, Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 988 n.11 (9th Cir. 1998), the court is not setting a specific deadline for petitioner to exhaust his claims in state court. Rather, the thirty day deadline applies *after* petitioner's claims are exhausted.

III. Conclusion

  Accordingly, IT IS HEREBY ORDERED that:

  1. Petitioner's January 9, 2014 and January 13, 2014 motions for injunctive relief (ECF Nos. 42, 43) are denied as follows:

    a. Petitioner's request for an Olsen review is denied;

    b. Petitioner's motion for access to the law library is denied; and

    c. Petitioner's request for the appointment of counsel is denied.

  2. Petitioner's February 3, 2014 motion for reconsideration (ECF No. 48) is granted as set forth above.

Dated: March 27, 2014

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lang1633.mot(2)

7