UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT,<br><br>Respondent. | No. 2:12-cv-1633 CKD P<br><br><br><br>ORDER |

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He challenges Sacramento County convictions for burglary, vehicle theft, possession of a stolen car and resisting arrest.  On April 8, 2010, with the advice of counsel, petitioner pled no contest to those offenses.  No promises were made by the court or the people with respect to the plea, and petitioner was informed that his maximum exposure to prison time as a result of his plea would be 22 years and 4 months.  On May 21, 2010, petitioner was ordered to serve 17 years and 4 months imprisonment.

    On May 27, 2015, this court dismissed claims 4 and 5 in petitioner's amended petition for writ of habeas corpus (ECF No. 54) as time-barred.  Respondent has now filed his answer with respect to petitioner's remaining claims.  ECF No. 91.  Petitioner filed a traverse on November

/////

/////

25, 2015.  The parties have consented to have all matters in this action before a United States Magistrate Judge.[1]  See 28 U.S.C. § 636(c).

I. Standard For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

II. Federal Habeas Challenges To Guilty Pleas Generally[2]

The types of claims a habeas petitioner may assert to challenge a guilty plea and the resulting sentence are substantially limited:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755 (1970).

/////

---

[1]  ECF Nos. 4 & 14.

[2]  Under California law, a plea of "no contest" has the same effect as a plea of guilty.  See, e.g., People v. West, 3 Cal.3d 595 (1970).  Accordingly, federal constitutional principles governing guilty pleas apply to petitioner's claims in the instant case.  Miller v. McCarthy, 607 F.2d 854, 856 (1979).

2

More generally, any claims which do not concern whether petitioner entered his plea voluntarily and intelligently are not cognizable in a federal habeas action. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Mann v. Richardson, 397 U.S. 759, 771 (1980). To establish that a guilty plea was involuntary due to ineffective assistance of counsel, petitioner must show that: (1) counsel's recommendation to plead guilty was not within the range of competence demanded of attorneys in criminal cases; and (2) that there is a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). The court objectively assesses whether the habeas petitioner suffered the prejudice described in part (2). Id. at 59-60.

As for challenges to pleas of guilty, the Supreme Court has held:

> the representations of the defendant, his lawyer, and the prosecutor at a [change of plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

/////
/////
/////

3

The record before the court reflects that when petitioner pled "no contest" he acknowledged waiving the following rights:

1. The right to a speedy and public trial by jury including the right to present a defense, the right to testify, the right to be present while others testify, and the right to cross-examine those witnesses who testify against petitioner; and

2. The right to remain silent and the right against self-incrimination.

Resp't's Lodged Doc. LD 9 at 79-80.

Petitioner also stated that no one had threatened him to get him to plead "no contest" and, at the time he pled "no contest," he was not under the influence of any drugs. Id. at 80-81. Finally, petitioner asserted he had been given no promises in return for his plea. Id. at 81.

In his amended petition, petitioner presents several claims under seven separate "grounds."[3] The following claims, on their face, present no basis for federal habeas relief because they do not concern: 1) whether petitioner understood the consequences of his "no contest" plea when he pled "no contest;" 2) whether petitioner voluntarily pled "no contest;" or 3) a violation of federal rights occurring after petitioner pled "no contest":

1. Petitioner was not provided with a "full and fair" opportunity to litigate his claim of unlawful seizure (ground 1);[4]

2. Failure of petitioner's former counsel, Arturo Reyes, to turn his "file" over to petitioner during a period in which petitioner acted as his own attorney (grounds 2 and 3);[5]

---

[3] There are nine "grounds" in petitioner's first amended petition, but as indicated above, grounds 4 and 5 have been dismissed as time-barred.

[4] Petitioner is not entitled to relief as to this claim because he did not present it to the California Supreme Court thereby exhausting state court remedies as required under 28 U.S.C. § 28 U.S.C. § 2254(b)(1). Picard v. Connor, 404 U.S. 270, 276 (1971) (habeas petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider the claim). The court denies this claim on the "merits" as it may do under 28 U.S.C. § 2254(b)(2) as it is clear petitioner has no chance of success with respect to this claim. See Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005) (court may deny unexhausted claim on the merits when habeas applicant fails to raise a "colorable federal claim").

[5] By the time petitioner entered his "no contest" plea in April, 2010, he was again represented by counsel, and thus any failings of his prior counsel are of no consequence.

4

Those claims which are not barred simply by the fact that petitioner pled "no contest" are addressed below.

III. Ineffective Assistance Of Trial Counsel

In ground 6, petitioner takes issue with trial counsel's performance with respect to a motion for a supplemental suppression hearing. Resp't's Lodged Doc. LD 8 at 18. Essentially, petitioner argues that counsel was ineffective for failing to explain to the court why evidence petitioner sought to present at a supplemental hearing was not presented at the original hearing. However, any alleged failure by counsel did not result in the court denying the motion for a supplemental hearing. Rather, the court denied the motion because the court found that the evidence either 1) was presented at the first hearing, 2) was cumulative of evidence actually presented at the first hearing, or 3) was immaterial. Resp't's Lodged Doc. LD 9 at 19-20. For these reasons, ground 6 will be denied.[6]

IV. Appellate Briefs

In ground 7, petitioner takes issue with the fact that on direct appeal, the State of California filed an untimely brief and that his counsel on appeal failed to object. Petitioner does not have a federal right to the filing of timely briefs on direct appeal. As for his counsel failing to object, petitioner has a Sixth Amendment right to effective assistance of counsel on appeal. In order to establish a violation of this right, petitioner must demonstrate a reasonable probability that but for appellate counsel's failure to raise a particular issue, he would have prevailed. Moorman v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010). Petitioner makes no attempt to show that he would have prevailed on appeal if his counsel had objected to the State of California's brief as untimely. For these reasons, petitioner is not entitled to relief with respect to ground 7.[7]

---

[6] Respondent argues petitioner did not exhaust state court remedies with respect to this claim. However, it appears the claim was raised in a petition for collateral review filed in the California Supreme Court on February 7, 2014. Resp't's Lodged Doc. LD 38 at 3. The claim was denied by the California Supreme Court on April 9, 2014. Resp't's Lodged Doc. LD 39.

[7] Petitioner failed to exhaust state court remedies with respect to this claim as well. While he

5

V. California Constitution Provision Regarding Double Jeopardy

Initially, petitioner pled "no contest" to the same offenses identified above in exchange for a prison sentence of 14 years and 4 months. Petitioner appealed and the appellate court remanded directing the Superior Court of Sacramento County to allow petitioner to withdraw his plea. Resp't's Lodged Doc. LD 7. Petitioner did withdraw his plea in superior court, but, as indicated above, he later entered an "open" plea and was sentenced to 17 years and 4 months imprisonment. In ground 8, petitioner claims that the 17 year and 4 month sentence violates the prohibition against double jeopardy found in California's Constitution.

Again, an application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Provisions of California law do not provide a basis for federal habeas relief.

VI. Ineffective Assistance Of Appellate Counsel

In ground 9, petitioner asserts his counsel on direct appeal was ineffective for failing to raise the following issues:

1. Petitioner did not receive a "full and fair" suppression hearing;

2. The prosecution failed to make Jerome Ackers available for the suppression hearing; and

3. The trial court failed to allow petitioner the right to confront and cross examine Jerome Ackers.

Petitioner fails to make any attempt to demonstrate a reasonable probability that he would have prevailed on any of these issues had they been raised by appellate counsel. See Moorman v. Ryan, 628 F.3d at 1106. As indicated above, any federal claims arising from these issues would be deemed waived by virtue of petitioner's "no contest" plea.

Petitioner also claims appellate counsel was ineffective for "fail[ing] to obtain records and

---

presented this claim in his petition for review filed in the California Supreme Court (Resp't's Lodged Doc LD 16 at 3), he did not first raise the issue in the Court of Appeal (Resp't's Lodged Docs. LD 11 & 12). A habeas petitioner does not exhaust state court remedies by raising claims for the first and only time in a petition for discretionary review in a state supreme court. Casey v. Moore, 386 F.3d 896, 917 (9th Cir. 2004). Again, the court denies this claim on the merits because it is not a "colorable federal claim." See note 4.

documents from the Sacramento County Superior Court and from trial counsel showing that the arrest was illegal and detention unlawful." ECF No. 54 at 80. Petitioner fails to point to any records or other evidence which could have formed the basis of even an arguable claim regarding his suppression hearing on appeal.

For all of the foregoing reasons, ground 9 will be rejected.[8]

## VII. State Court Deference

Petitioner has failed to establish a violation of federal law entitling him to habeas corpus relief. Further, in no instance has petitioner met his burden under 28 U.S.C. § 2254(d) of showing that a federal claim denied on the merits in California court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## VIII. Conclusion

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of habeas corpus is denied;

2. This case is closed; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: December 11, 2015

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lang1633.157(1)

---

[8] Under the heading "ground 9" petitioner also claims ". . . appellate counsel and trial counsel . . . failed to adequately evaluate the evidence in determining claims that were present in the record, thereby making the record and evidence meritless upon appeal, in regards to petitioner['s] suppression issue." ECF No. 54 at 78. This does not provide a basis for federal habeas relief.

7